UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN J.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11796<br><br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 8, 10)**

## I. Introduction

Plaintiff Kathleen J. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny her application for disability insurance benefits (DIB) under the Social Security Act. Both parties filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 5; ECF No. 8; ECF No. 10.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff met the insured status requirements of the Social Security Act on December 31, 2009, and did not engage in substantial gainful

activity during the period from her alleged onset date of January 1, 2009, through her date last insured of December 31, 2009. ECF No. 4-1, PageID.33.

2. Through the date last insured, plaintiff had the medically determinable impairments of left knee meniscus tear, osteoarthritis of the left foot, gastroesophageal reflux disease, obstructive sleep apnea, and obesity. *Id*.

3. Plaintiff did not have a severe impairment or combination of impairments. *Id*., PageID.34; and

4. Plaintiff was therefore not disabled. *Id*., PageID.37.

## II. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court denies plaintiff's motion for summary judgment and grants the Commissioner's motion.

**B.**

Plaintiff first challenges the ALJ's analysis of the opinion of Jennie Rose, M.D., who found plaintiff to have several severe impairments. ECF No. 4-1, PageID.87; ECF No. 8, PageID.1418-1423; ECF No. 11, PageID.1465-1470.

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors. 20 C.F.R. § 416.920c(a). The ALJ found Dr. Rose's opinion that plaintiff had severe impairments not persuasive. ECF No. 4-1, PageID.37. He reasoned that Dr. Rose said that she lacked sufficient evidence to assess plaintiff's limitations because plaintiff failed to submit necessary forms about her specialists. *Id.*, PageID.37, 86 ("There is reference to several specialists… but the [plaintiff] failed to respond to inquiries about these and FTC is complete. There is IE [insufficient evidence] to fully evaluate.").

The ALJ also said that Dr. Rose "did not provide any specific reasoning in finding severe impairments." *Id*., PageID.37. Plaintiff challenges that statement, noting the long list of medical evidence Dr. Rose reviewed. ECF No. 8, PageID.1420. But Dr. Rose did not explain how that evidence supported her conclusions that plaintiff had severe impairments. ECF No. 4-1, PageID.87.

At bottom, plaintiff does not show that the ALJ committed reversible error by finding Dr. Rose's opinion unpersuasive. As the ALJ noted, Dr. Rose lacked sufficient evidence to assess plaintiff's limitations. *Id*. So even if Dr. Rose's opinion were fully credited, it would not help plaintiff meet her burden of showing that she had limitations that rendered her

disabled. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (claimant bears burden of proof through first four steps).

**C.**

Plaintiff next claims that the ALJ failed to properly consider her impairments in combination when evaluating their severity and instead addressed "each impairment separately, with separate paragraphs devoted to each of her impairments." ECF No. 8, PageID.1427-1428. But the ALJ recognized that he had to consider plaintiff's impairments *in combination* when evaluating their severity:

> At step two, the undersigned must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c)). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1522, Social Security Rulings (SSRs) 85-28 and 16-3p).

ECF No. 4-1, PageID.32. He then affirmed that he considered all the evidence and plaintiff's symptoms in reaching his "conclusion that the claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities." *Id.*, PageID.35.

Courts have found sufficient an ALJ's affirmation that he properly considered the combination of plaintiff's impairments in determining whether her impairments are severe. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020) ("[T]he ALJ's statements that she had considered the entire record and all of [claimant's] symptoms suggest that she had considered [claimant's] impairments in combination."); *Gooch v. Sec'y of Health and Hum. Servs*., 833 F.2d 589, 592 (6th Cir. 1987) ("the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered."). The Court finds no reversible error.

**D.**

Plaintiff argues that the ALJ erred in finding that she had no severe impairments before her last insured date. ECF No. 8, PageID.1428. She contends that the ALJ should have found her left foot osteoarthritis, her obesity, and her obstructive sleep apnea to be severe impairments. *Id.*, PageID.1428-1435.

"[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Plaintiff bears the burden of showing that her impairments are severe.

*Kestel v. Comm'r of Soc. Sec*., 756 F. App'x 593, 597 (6th Cir. 2018). To meet that burden, plaintiff must show that she had an impairment that significantly limited her ability to do basic work activities and that the impairment met the twelve-month duration requirement. *Harley v. Comm'r of Soc. Sec*., 485 F. App'x 802, 803 (6th Cir. 2012).

Trying to meet her burden, plaintiff notes that her osteoarthritis was listed as a diagnosis on many records. ECF No. 8, PageID.1429. But a diagnosis alone says nothing about its severity. *Higgs,* 880 F.2d at 863 ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). Thus, plaintiff's citation to records showing that she was diagnosed with osteoarthritis of her left foot is not enough for her to sustain her burden. *Id.*

And substantial evidence supports the ALJ's determination that plaintiff's left foot osteoarthritis was not severe. The ALJ reasoned that there was no evidence that impairment "was causing more than a minimal limitation in [plaintiff's] ability to perform basic work activities." ECF No. 4-1, PageID.35. He also explained that while plaintiff's osteoarthritis was referenced "during the relevant period, there was no mention of any abnormalities or limitations on exam" and it was "being treated conservatively with Motrin." *Id.*

The ALJ explained why he did not find plaintiff's obesity to be a severe impairment:

> The medical evidence indicates the claimant had a diagnosis of obesity, but there was no mention of limitations on examination even in the context of her osteoarthritis. 1F/10, 13. Furthermore, the claimant's weight was not being consistently measured during the relevant period and treatment was conservative consisting of dieting. 1F/10-12. There is no evidence the claimant's obesity caused more than a minimal limitation in her ability to perform basic work functions.

ECF No. 4-1, PageID.36.

Plaintiff challenges the ALJ's finding that her weight was not "consistently measured," noting records where it was measured four times over a roughly four-year period. ECF No. 8, PageID.1431. But plaintiff does not direct the Court to any records that mention any limitations because of plaintiff's weight. And plaintiff's reliance on records showing that her weight increased and that bariatric surgery was recommended is unavailing because those events occurred after the last insured date and are thus of minimal value. *McNier v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 904, 911 (S.D. Ohio 2016); *Kingery v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 598, 602 (S.D. Ohio 2015). Substantial evidence supports the ALJ's finding that plaintiff's obesity was not a severe impairment.

The ALJ also discussed plaintiff's obstructive sleep apnea, explaining why he did not find that a severe impairment:

> The claimant testified [about] sleep issues but mostly related this to pain symptoms. The claimant underwent a sleep study that showed obstructive sleep apnea and subsequently underwent surgery to open her airways and there was also some improvement with CPAP in 2007. 1F/45, 46, 56, 6F/61. Thereafter, the primary care records acknowledge the claimant's history of sleep apnea but there were no consistent complaints while on CPAP therapy. 1F/9-12. The claimant has since only reported sleep apnea when she sleeps on her back, which suggests she has only minimal issues that were otherwise manageable. 13F/34.

ECF No. 4-1, PageID.36. Plaintiff complains that the ALJ failed to note that the 2007 sleep study found that her obstructive sleep apnea was "moderate." ECF No. 8, PageID.1433 (citing ECF No. 4-1, PageID.36, 86). But the omission of "moderate" was of no consequence. As the ALJ noted, plaintiff reported in December 2023 that, after surgery and CPAP therapy, she experienced sleep apnea only when she slept on her back, "suggest[ing] only minimal issues that were otherwise manageable." ECF No. 4-1, PageID.36, 1389-1396. Plaintiff also cited records from August 2014 to February 2020 describing her insomnia. Because those records are from after plaintiff's last insured date, they are of minimal probative value. *McNier*, 166 F. Supp. 3d at 911; *Kingery*, 142 F. Supp. 3d at 602.

Plaintiff bears the burden of showing that she needed greater restrictions than those found by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). None of the records about her

mild to moderate insomnia that plaintiff cites identify any resulting restrictions during the relevant period.

**E.**

Lastly, plaintiff argues that the ALJ failed to properly evaluate her subjective symptoms, citing her hearing testimony. ECF No. 8, PageID.1435-1440.

The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms. First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 16-3p. If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms. 20 C.F.R. § 404.1529(a); SSR 16-3p. In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record." SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions. 20 C.F.R. § 404.1529(a). Although a plaintiff's description of his symptoms will "not

alone establish that [he] is disabled," *id*., the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p. Along with objective evidence, ALJs must consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain. 20 C.F.R. § 404.1529(c)(3).

The ALJ noted plaintiff's complaints about her left foot osteoarthritis, that she testified about sleep issues, and that she testified about having chronic fatigue. ECF No. 4-1, PageID.35-36. But he concluded that plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent for the reasons explained in this decision." *Id.*, PageID.36.

The ALJ acknowledged that a "magnetic resonance image from 2006 revealed 'mild degenerative changes' in her left foot." *Id*., PageID.35. But he also observed that, while there was mention of osteoarthritis in her feet during the relevant period, "there was no mention of any abnormalities or limitations upon examination," and plaintiff was "being treated conservatively with Motrin and was only given tramadol after the date last insured." *Id*.

The ALJ acknowledged that plaintiff testified about sleep issues too. *Id.*, PageID.36. He noted that plaintiff "underwent a sleep study that showed obstructive sleep apnea" and that she then had surgery to open her airways. *Id.* She also had improvement with CPAP therapy and reported no consistent complaints while on CPAP therapy. *Id.* He also noted that plaintiff "has since only reported sleep apnea when she sleeps on her back, which suggests she has only minimal issues that were otherwise manageable." *Id.*

The ALJ also recognized that plaintiff testified about being diagnosed with fibromyalgia and having chronic fatigue. *Id*. The ALJ explained that while plaintiff testified about "being diagnosed with fibromyalgia in 2008 or 2009," the "actual workup and diagnosis did not occur until 2011," and that the "medical evidence did not document consistent complaints of fatigue prior to the date last insured." *Id.*

At bottom, plaintiff has failed to show that the ALJ committed reversible error.

## III. Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 8), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 10), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 10, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager